UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| WILNER C. BAZELAIS,<br><br>      Plaintiff,<br><br> -against-<br><br>NEW YORK STATE DEPARTMENT OF CORRECTIONS COMMUNITY SUPERVISION,<br><br>      Defendant. | 22-CV-2773 (LTS)<br><br>TRANSFER ORDER |

LAURA TAYLOR SWAIN, Chief United States District Judge:

  Plaintiff, who is currently incarcerated at the George R. Vierno Center on Rikers Island, brings this *pro se* action under 42 U.S.C. § 1983. He alleges that on an unspecified date, when he was in the custody of the New York State Department of Corrections and Community Supervision (DOCCS) at Coxsackie Correctional Facility, two correction officers sprayed him with mace and assaulted him. For the following reasons, this action is transferred to the United States District Court for the Northern District of New York.

## DISCUSSION

  Under the general venue provision, a civil action may be brought in:

> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred . . . ; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b).

  For venue purposes, (1) a "natural person" resides in the district where the person is domiciled, 28 U.S.C. § 1391(c)(1), and (2) a defendant corporation generally resides "in any judicial district in which such defendant is subject to the court's personal jurisdiction with

respect to the civil action in question," 28 U.S.C. § 1391(c)(2). Where a state has more than one judicial district, a defendant corporation generally "shall be deemed to reside in any district in that State within which its contacts would be sufficient to subject it to personal jurisdiction if that district were a separate State." 28 U.S.C. § 1391(d).

Plaintiff filed this complaint regarding events occurring at Coxsackie Correctional Facility, located in Greene County, New York.[1] Because Plaintiff alleges that the events or omissions underlying his claim arose outside this district, venue does not appear to be proper in this district under Section 1391(b)(2).

Venue also does not appear to lie in this district under Section 1391(b)(1) based on the residence of the sole defendant named in this action, the New York State DOCCS. "In a suit against a public agency and its officials, 'residence,' for venue purposes, is where the officials involved perform their duties." *Cain v. New York State Bd. of Elections*, 630 F. Supp. 221, 225 (E.D.N.Y. 1986) (holding that because the New York State Board of Elections had its "principal office . . . located in Albany" and the action of which the plaintiff complained was taken in Albany, the agency was "deemed to reside in the Northern District of New York"); *Buffalo Teachers Fed'n, Inc. v. Helsby*, 426 F. Supp. 828 (S.D.N.Y. 1976) (noting that "(w)here a public official is a party to an action in his official capacity, he resides in the judicial district where he maintains his official residence, that is, where he performs his official duties" and that "when a state agency maintains a 'secondary' or 'satellite' office in which a significant portion of business related to the litigation is conducted, agency members may have more than one official

---

[1] Plaintiff alleges generally that his claims arose in Coxsackie, Wallkill, and Great Meadow Correctional Facilities, which are in Greene County, Ulster County, and Washington County, respectively. Each of these counties is in the Northern District of New York. 28 U.S.C. § 112(a). Although it is difficult to ascertain where the assault took place, Plaintiff alleges that after the assault, he was "pulled to Coxsackie SHU and denied medical attention." (ECF 2 at 6.)

residence."). Applying these standards, DOCCS has its principal office in Albany, New York, and is deemed to reside in the Northern District of New York.[2]

Even if venue were proper here, however, the Court may transfer claims "[f]or the convenience of the parties and witnesses, in the interest of justice." 28 U.S.C. § 1404(a). "District courts have broad discretion in making determinations of convenience under Section 1404(a) and notions of convenience and fairness are considered on a case-by-case basis." *D.H. Blair & Co. v. Gottdiener*, 462 F.3d 95, 106 (2d Cir. 2006). Moreover, courts may transfer cases on their own initiative. *See Bank of Am., N.A. v. Wilmington Trust FSB*, 943 F. Supp. 2d 417, 426-427 (S.D.N.Y. 2013); *see also Lead Indus. Ass'n. Inc. v. OSHA.*, 610 F.2d 70, 79 (2d Cir. 1979) (noting that "broad language of 28 U.S.C. § 1404(a) would seem to permit a court to order transfer *sua sponte*").

In determining whether transfer is appropriate, courts consider the following factors: (1) the convenience of witnesses; (2) the convenience of the parties; (3) the locus of operative facts; (4) the availability of process to compel the attendance of the unwilling witnesses; (5) the location of relevant documents and the relative ease of access to sources of proof; (6) the relative means of the parties; (7) the forum's familiarity with the governing law; (8) the weight accorded to the plaintiff's choice of forum; (9) trial efficiency; and (10) the interest of justice, based on the totality of circumstances. *Keitt v. N.Y. City*, 882 F. Supp. 2d 412, 459-60 (S.D.N.Y. 2011); *see also N.Y. Marine and Gen. Ins. Co. v. LaFarge No. Am., Inc.*, 599 F.3d 102, 112 (2d Cir. 2010) (setting forth similar factors). A plaintiff's choice of forum is accorded less deference where

---

[2] If Plaintiff amends his complaint to name the correction officers at Coxsackie Correctional Facility who were personally involved in the incidents, it is also unclear that any defendant would reside in this district.

plaintiff does not reside in the chosen forum and the operative events did not occur there. *See Iragorri v. United Tech. Corp.*, 274 F.3d 65, 72 (2d Cir. 2001).

Under Section 1404(a), transfer appears to be appropriate in this case. Plaintiff is currently detained at Rikers Island and it is unclear if he is domiciled in this district. The underlying events occurred in Coxsackie Correctional Facility, which is located in Greene County, in the Northern District of New York. *See* 28 U.S.C. § 112(a). Venue is therefore proper in the Northern District of New York. *See* 28 U.S.C. § 1391(b). Based on the totality of the circumstances, the Court concludes that it is in the interest of justice to transfer this action to the United States District Court for the Northern District of New York. 28 U.S.C. § 1404(a).

## CONCLUSION

The Clerk of Court is directed to transfer this action to the United States District Court for the Northern District of New York. Whether Plaintiff should be permitted to proceed further without prepayment of fees is a determination to be made by the transferee court. A summons shall not issue from this Court. This order closes the case in the Southern District of New York.

The Court certifies, under 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated:   April 19, 2022
         New York, New York

                                          /s/ Laura Taylor Swain
                                          LAURA TAYLOR SWAIN
                                          Chief United States District Judge